IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES L. FLOWERS, ADC # 155408 | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | No. 4:15CV00282-JJV |
| JASMINE BOOKER, Nurse, | * | |
| Saline County Detention Center | * | |
| | * | |
| Defendants. | * | |

**MEMORANDUM AND ORDER**

**I.   INTRODUCTION**

James L. Flowers ("Plaintiff") brought this action alleging that Defendant Jasmine Booker was deliberately indifferent to his serious medical needs. (Doc. No. 2 at 4.) Now Defendant Booker has moved to dismiss this action. (Doc. No. 10.) She argues that Plaintiff failed to exhaust his administrative remedies and his official capacity claims fail as a matter of law. (*Id*.) Plaintiff has not responded to Defendant Booker's Motion and the time for doing so has now passed.[1]

**II.   STANDARD OF REVIEW**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). If, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one. *Id.* at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *see O'Neal v. State Farm Fire & Cas. Co.*, 630 F.3d

---

[1] I previously granted Plaintiff a thirty day extension of time to respond. (Doc. No. 21.) That extension expired on August 7, 2015. (*Id*.)

1075, 1077 (8th Cir. 2011).

When considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Erickson*, 551 U.S. at 93-94; *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001). The court reads the complaint as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible. *Braden*, 588 F.3d at 594. In addition to the complaint, the court may consider matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

### III.   ANALYSIS

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies, prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.*, 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See Id*.

Here, Plaintiff states that he did not fully appeal his administrative grievance regarding Defendant Booker's medical treatment. (Doc. No. 2 at 3-4.) He claims that he failed to do so because he had not received a response to the initial grievance at the time this suit was filed. (*Id*.)

This issue has two wrinkles. First, neither party has undertaken to describe or provide a copy of the Saline County Detention Center grievance policy. Second, it is unclear when Plaintiff submitted his initial grievance or how long he waited for a response before filing this action. Nevertheless, I will dismiss the claims against Defendant Booker for failure to exhaust. In so doing, I emphasize that Plaintiff himself understood his remedies to be unexhausted at the time he filed this suit. Moreover, Plaintiff has not offered any argument as to why he should be excused from the PLRA's requirements.

Given that Plaintiff has failed to exhaust any of his claims, I conclude that it is unnecessary to reach the question of whether any of his official capacity claims are viable. This issue will be reexamined in the event that Plaintiff successfully re-opens this case.

### IV.    CONCLUSION

IT IS, THEREFORE, ORDERED that:

1.    Plaintiff's Complaint (Doc. No. 2) is DISMISSED without prejudice for failure to exhaust administrative remedies.

2.    The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from this Order or the accompanying Judgment would not be taken in good faith.

IT IS SO ORDERED this 11th day of August, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE